MALCOLM E. NICHOLS v. THE KISSEL MOTOR CAR COMPANY AND ANOTHER.[1]

November 14, 1919.

No. 21,392.

**Motion for judgment notwithstanding verdict.**

1. By moving for judgment notwithstanding the verdict but not for a new trial, defendant waived all questions except its contention that the verdict is without support in the evidence.

[1]Reported in 174 N. W. 733.

**Sale — question for jury.**

     2. Evidence examined and *held* sufficient to make a question for the jury as to whether the company which sold plaintiff's automobile made the sale as agent of defendant company.

Action in the district court for Hennepin county to recover $433.97. The Kissel Motor Car Company in its separate answer expressly denied that defendant John F. Lynch acted for or as the agent of defendant or had any authority so to act in respect to any of the transactions alleged in the complaint. The case was tried before Jelley, J., who when defendants rested denied their motion for a directed verdict in favor of the Kissel Motor Car Company and granted their motion for a directed verdict in favor of defendant Lynch, and a jury which returned a verdict for $425.91. From the order denying its motion for judgment notwithstanding the verdict, the Kissel Motor Car Company appealed. Affirmed.

     *Barrows, Stewart & Metcalf,* for appellant.

     *William P. O'Brien* and *T. P. McNamara,* for respondent.

TAYLOR, C.

Defendant, "Kissel Motor Car Company," is a Wisconsin corporation which manufactures an automobile known as the Kissel car at Hartford, Wisconsin. Its selling agent for Minnesota is the "Northwest Kissel Kar Branch," a Minnesota corporation having its principal place of business in Minneapolis. The Minnesota corporation opened a place of business in St. Paul and employed defendant Lynch to take charge of it as manager. It conducted its St. Paul business under the name of "Kissel Kar Company" instead of under its proper corporate name. Lynch, as manager of the Kissel Kar Company, sold a car to plaintiff under a contract which provided for the payment of a part of the purchase price in monthly instalments, and further provided that the Kissel Kar Company should retain ownership of the car until paid for. Plaintiff failed to make his payments as they became due, and finally turned the car over to the Kissel Kar Company, under an agreement that they should sell it and take the amount of his indebtedness out of the proceeds and pay him the balance. They sold the car for considerably more than

the indebtedness, but failed to pay the excess to plaintiff. The Minnesota corporation having become insolvent, plaintiff brought this suit against the Wisconsin corporation and Lynch to recover the excess above his indebtedness realized from the sale of the car.

The jury returned a verdict in favor of defendant Lynch, but against defendant company. Defendant company, which will hereafter be designated as defendant, made a motion for judgment notwithstanding the verdict but not for a new trial. This motion was denied and defendant appealed from the judgment subsequently entered.

By resting its case on a motion for judgment notwithstanding the verdict, defendant waived all questions except its contention that there is no evidence reasonably tending to sustain the verdict. Dunnell, Minn. Dig. and 1916 Supp. § 393, and cases cited.

That the car was sold for more than the amount of plaintiff's indebtedness and that plaintiff is entitled to the excess is undisputed, and the sole question now in controversy is whether the Minnesota corporation, in selling the car and receiving the proceeds of the sale, was acting as the agent of defendant. We think there was sufficient evidence to make this a question for the jury.

We will not take the space to give a synopsis of the evidence, but will merely indicate some of the items.

The car was purchased in the early part of 1912 through Lynch, the manager of the St. Paul business of the Minnesota corporation. On February 28, 1912, defendant, in answer to an inquiry from plaintiff, wrote him that his car would be ready for shipment the following day. On January 28, 1913, defendant answered an inqiury of plaintiff concerning further equipment for his car and among other things wrote:

"We are certainly pleased to note that Mr. Lynch, our St. Paul representative, has taken care of your car at all times and that your car is giving you very good satisfaction at the present time.

"In case you wish to order any new equipment for your car, we would be pleased to have you take this up with Mr. Lynch, who can forward the order to us, and same will have our immediate attention.

In reply to a letter from plaintiff, apparently eulogizing Mr. Lynch, defendant wrote on January 31, 1913, that they had always thought a

great deal of Mr. Lynch because he had tried hard to maintain the policy of the company and that he had their co-operation.

On June 24, 1913, the general attorney of defendant wrote plaintiff that his attention had just been called to the fact that plaintiff was still indebted to the Kissel Kar Company of St. Paul on the purchase price of the car and stated:

"I was very much surprised to hear that this transaction was still open, and I am obliged to say to you, Mr. Nichols, that we must insist upon payment of this account without any further delay. We are always more than willing to accommodate Kissel Kar owners and customers in every respect possible, but you must certainly appreciate the fact that it takes a vast amount of money to keep this organization running and that we must pay our bills promptly when due, and while we wish to be very lenient, we must insist that our customers do likewise. * * * Please give this matter your immediate attention and do not compel us to resort to any harsher means to collect this balance."

This letter was written from the home office of defendant and was signed by the attorney as attorney for defendant.

A letter dated July 28, 1913, to the Kissel Kar Company of St. Paul concerning plaintiff's car stated:

"You are hereby instructed to take possession of this car and hold it until all payments now due and which will become due are taken care of, or until some satisfactory adjustment is made. We cannot allow the matter to run any longer as it is."

This letter was written from the home office of defendant, was signed in the corporate name of defendant and was written by its attorney. At the time this letter was written, Lynch had the car for the purpose of making some repairs, and, instead of returning it to plaintiff, made the arrangement with him under which the car was sold as hereinbefore stated.

Defendant contends that other evidence conclusively established that defendant sold the car outright to the Minnesota corporation, and received the full purchase price from that corporation in 1912; that defendant was not a party to the contract with plaintiff and had no interest in the moneys paid by plaintiff, and that the letters written by its attorney, demanding payment from plaintiff and directing the Kissel Kar

Company of St. Paul to take possession of the car, were written solely because Lynch requested the attorney to write them to aid him in collecting the balance due from plaintiff, and were written merely to oblige Lynch and not because defendant had any interest in the transaction. The authority of the attorney to write them on behalf of defendant is not denied.

We are unable to say that the evidence is conclusive in defendant's favor or that the verdict finds no support therein and consequently cannot direct judgment notwithstanding the verdict.

Judgment affirmed.